UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| )  Plaintiff, ) | CASE NO.   CR04-575 JCC |
| ) v. ) | |
| ) | DETENTION ORDER |
| ANTONIO ZACARIAS-MORALES, ) a/k/a ANTONIO CISNEROS, ) | |
| )  Defendant. ) | |

Offenses charged:

    Count 1:    Conspiracy to Distribute Heroin and Cocaine, in violation of Title 21, U.S.C., Sections 841(a)(1), 841(b)(1)(B), 841(b)(1)(C), and 846;

    Counts 2, 3, 8, 10, 12:    Distribution of Heroin, in violation of Title 21, U.S.C., Sections 841(a)(1), 841(b)(1)(C) and 846;

    Counts 4, 6:    Aiding and Abetting the Distribution of Heroin, in violation of Title 21, U.S.C., Sections 841(a)(1), 841(b)(1)(C) and 846, and Title 18, U.S.C., Section 2;

    Count 5:    Aiding and Abetting the Distribution of Cocaine, in

|  |  |
|---|---|
|  | violation of Title 21, U.S.C., Sections 841(a)(1), 841(b)(1)(C) and 846, and Title 18, U.S.C., Section 2; |
| Counts 7, 9, 11, 14: | Distribution of Cocaine, in violation of Title 21, U.S.C., Sections 841(a)(1), 841(b)(1)(C) and 846; |
| Count 13: | Distribution of Heroin, in violation of Title 21, U.S.C., Sections 841(a)(1), 841(b)(1)(C) and 846, and Title 18, U.S.C., Section 2; |
| Counts 15, 17: | Possession of Heroin with Intent to Distribute, in violation of Title 21, U.S.C., Sections 841(a)(1), 841(b)(1)(B) and 846, and Title 18, U.S.C., Section 2; and |
| Counts 16, 18: | Possession of Cocaine with Intent to Distribute, in violation of Title 21, U.S.C., Sections 841(a)(1), 841(b)(1)(C) and 846, and Title 18, U.S.C. , Section 2. |

Date of Detention Hearing: May 24, 2005.

The Court, having conducted an uncontested detention hearing pursuant to Title 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds that no condition or combination of conditions which the defendant can meet will reasonably assure the appearance of the defendant as required and the safety of any other person and the community. The Government was represented by Leonie Grant for Janet Freeman. The defendant was represented by John Lundin.

The Government moved for detention, to which the defendant stipulated.

<u>FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION</u>

(1) There is probable cause to believe the defendant committed the conspiracy drug offense. The maximum penalty is in excess of ten years.

DETENTION ORDER
PAGE -2-

|   |   | There is therefore a rebuttable presumption against the defendant's release based upon both dangerousness and flight risk, under Title 18 U.S.C. § 3142(e). |
|---|---|---|
|   | (2) | Nothing in this record satisfactorily rebuts the presumption against release for several reasons: |
|   |   | (a) The defendant poses a risk of non-appearance given that he is a national and citizen of Mexico; his background and ties to this district are unknown; he has a history of failing to appear for court hearings; there are two active warrants for his arrest; and BICE has filed a detainer. |
|   |   | (b) The Court finds the defendant to be a risk of danger considering his criminal history and the nature of the pending charges. |
|   |   | (c) The defendant stipulated to detention, reserving the right for reconsideration should circumstances regarding detention change. |
|   | (3) | Based upon the foregoing information which is consistent with the recommendation of U.S. Pre-trial Services, it appears that there is no condition or combination of conditions that would reasonably assure future Court appearances and/or the safety of other persons or the community. |

**It is therefore ORDERED**:

(l) The defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) The defendant shall be afforded reasonable opportunity for private

consultation with counsel;

(3) On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

(4) The clerk shall direct copies of this order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this 25th day of May, 2005.

_____
MONICA J. BENTON
United States Magistrate Judge